MICHAEL STATEN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 739, 2009.
Supreme Court of Delaware.
Submitted: January 20, 2010.
Decided: January 26, 2010.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices

ORDER
Randy J. Holland, Justice.
This 26th day of January 2010, it appears to the Court that:
(1) In March 2006, the defendant-appellant, Michael Staten, pleaded guilty to Maintaining a Building for Keeping Controlled Substances and Conspiracy. On the first conviction, he was sentenced to 2 years incarceration at Level V. On the second conviction, he was sentenced to 2 years incarceration at Level V, to be suspended after 1 year for 18 months of Level III probation. On January 8, 2009, Staten was found to have committed a second violation of probation ("VOP"). Subsequently, Staten, represented by counsel, filed a motion in the Superior Court to correct his allegedly illegal VOP sentence under Superior Court Criminal Rule 35(a). The motion was denied on April 30, 2009. Any appeal from that denial should have been filed on or before June 1, 2009.[1] However, Staten's notice of appeal was not filed until December 23, 2009.
(2) On December 23, 2009, the Clerk issued a notice to Staten to show cause why his appeal should not be dismissed as untimely filed. Staten filed a response to the notice to show cause on January 7, 2010. In his response, he states that his attorney did not inform him of his right to appeal the Superior Court's denial of his Rule 35(a) motion. In support of his position, he attached a copy of a December 14, 2009 letter written to him by his attorney. In the letter, Staten's attorney states that he does not recall whether or not he advised Staten of his right to appeal. In its reply, the State requests that this matter either be dismissed as moot or remanded to the Superior Court for consideration with this Court's January 15, 2010 Order in Supr. Ct. No. 707, 2009.[2]
(3) Having carefully reviewed the parties' submissions, we conclude that, because the issues raised in the instant matter and the issues raised in No. 707, 2009 appear to be closely interrelated, the instant matter should be remanded to the Superior Court for consideration in conjunction with this Court's January 15, 2010 remand in No. 707, 2009.
NOW, THEREFORE, IT IS ORDERED that this matter is hereby REMANDED to the Superior Court for further proceedings in accordance herewith. Jurisdiction is not retained.
NOTES
[1] Supr. Ct. R. 6(a)(ii).
[2] In that Order, the Court remanded another untimely appeal by Staten to the Superior Court for findings concerning whether Staten's attorney had advised him of his right to appeal his first VOP sentence.